### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| **WILLIAM M.,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:20CV00067 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **KILOLO KIJAKAZI, ACTING** ) | JUDGE JAMES P. JONES |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY,** ) | |
| ) | |
| Defendant. ) | |

*Amy Hansen Geddes, OPN LAW, PLC, Roanoke, Virginia, for Plaintiff; James McTigue, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Defendant.*

In this social security disability case, I accept the report and recommendation of the magistrate judge.

William M. challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits under certain provisions of the Social Security Act ("Act"). The action was referred to United States Magistrate Judge Robert S. Ballou to conduct appropriate proceedings. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Ballou filed his 20-page Report and Recommendation ("Report") on August 5, 2021, in which he recommended that the court affirm the Commissioner's decision denying

benefits. On August 19, 2021, the plaintiff filed a written objection to the Report. The defendant filed a response to the objection on September 2, 2021. The objection is ripe for decision.

I must make a de novo determination of those portions of the report to which the plaintiff objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.*

The plaintiff objects to the following aspects of the Report:

    (1)    Its conclusion that the plaintiff's arguments merely amount to a disagreement with the residual functional capacity ("RFC") determination made by the administrative law judge ("ALJ") and a request to re-weigh the evidence;

(2) Its purported disregard of the ALJ's failure to make specific findings regarding how often the plaintiff would experience symptoms at work;

(3) Its asserted failure to consider record evidence that the plaintiff's mental health symptoms were not controlled by medications;

(4) Its conclusion that the ALJ considered the plaintiff's complaints and explained why the evidence did not support greater restrictions in the plaintiff's RFC;

(5) Its conclusion that the opinions of Jack Hutcheson, M.D., a state agency physician, comport with the ALJ's RFC regrading environmental limitations;

(6) Its conclusion that the ALJ sufficiently explained why she did not adopt the opinion of William Humphries, M.D., that the plaintiff could only stand or walk for two hours in an eight-hour workday;

(7) Its conclusion that this case is distinguishable from *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015);

(8) Its conclusion that the ALJ specifically found that the plaintiff can perform the basic mental demands of light work despite moderate limitations in concentration, persistence, or pace;

(9) Its conclusion that the ALJ explained why no additional limitations were warranted;

(10) Its conclusion that the ALJ found that the plaintiff could sustain simple routine tasks over a normal workday and that the ALJ accounted for the plaintiff's moderate impairments in her hypothetical questions to the vocational expert and in her RFC findings;

(11) Its purported disregard of the ALJ's failure to address the plaintiff's ability to stay on task during an eight-hour workday;

(12) Its reliance on Dr. Humphries' finding of no mental limitations when Dr. Humphries was performing a physical consultative examination and was not evaluating the plaintiff for mental limitations;

(13) Its alleged misconstruction of the opinion of state agency physician Joseph Leizer, M.D.; and

(14) Its conclusion that the plaintiff did not identify subjective complaints that the ALJ had failed to consider or specific instances where the ALJ had improperly applied the applicable legal standards.

Based upon my careful consideration of these objections, the record, and the arguments of counsel, I agree with the magistrate judge that substantial evidence supported the ALJ's findings and that the ALJ's decision was in accord with relevant case precedent.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objection, ECF No. 20, is DENIED;

2. The magistrate judge's Report and Recommendation, ECF No. 19, is fully ACCEPTED;

3. Plaintiff's Motion for Summary Judgment, ECF No. 14, is DENIED;

4. The Commissioner's Motion for Summary Judgment, ECF No. 10, is GRANTED; and

5. A separate final judgment will be entered herewith.

ENTER: September 9, 2021

/s/  JAMES P. JONES
Senior United States District Judge